UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| VENIDA SUE HOSIER, | ) | |
| | ) | |
| Plaintiff, | ) | 2:16-CV-00234-MCLC |
| | ) | |
| vs. | ) | |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the United States Magistrate Judge, with the consent of the parties and by order of reference [Doc. 12] pursuant to 28 U.S.C. § 636, for disposition and entry of a final judgment. Plaintiff's application for disability insurance benefits under the Social Security Act was administratively denied following a hearing before an Administrative Law Judge ("ALJ"). This is an action for judicial review of that final decision of the Commissioner. Plaintiff has filed a Motion for Judgment on the Pleadings [Doc. 13], and the defendant Commissioner has filed a Motion for Summary Judgment [Doc. 15].

**I.     Standard of Review**

The sole function of this Court in making this review is to determine whether the findings of the Commissioner are supported by substantial evidence in the record. *McCormick v. Secretary of Health & Hum. Servs.*, 861 F.2d 998, 1001 (6th Cir. 1988). "Substantial evidence" is defined as evidence that a reasonable mind might accept as adequate to support the challenged conclusion. *Richardson v. Perales*, 402 U.S. 389 (1971). It must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn is one of fact for the jury.

1

*Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607 (1966). The Court may not try the case *de novo* nor resolve conflicts in the evidence, nor decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Even if the reviewing court were to resolve the factual issues differently, the Commissioner's decision must stand if supported by substantial evidence. *Liestenbee v. Sec. of Health & Hum. Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Yet, even if supported by substantial evidence, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

The applicable administrative regulations require the Commissioner to utilize a five-step sequential evaluation process for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Is the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work — and also considering the claimant's age, education, past work experience, and RFC — do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4). The claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997). However, "[t]he burden shifts to the Commissioner at [the] fifth step to establish the

claimant's ability to do other work." *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001) (citations omitted).

## II. Procedural History and Relevant Facts

### A. Procedural History

Plaintiff, Venida Sue Hosier, was born in 1964 and was a younger individual at the time of her application for benefits. *See* 20 C.F.R. § 404.1563(d). She filed an application for disability insurance benefits alleging disability due to seizures, diabetes, imbalance, and slurred speech (Tr. 143). Plaintiff's application was initially denied on December 4, 2012, and again upon reconsideration on May 17, 2013 (Tr. 15). On October 31, 2014, the ALJ conducted an administrative hearing, during which Plaintiff and a vocational expert testified (Tr. 28-49).

In evaluating Plaintiff's claim, the ALJ conducted the five-step analysis. The ALJ issued his opinion on April 24, 2015, with the following findings, ultimately concluding Plaintiff is not disabled.

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.
>
> 2. The claimant has not engaged in substantial gainful activity since June 23, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: seizure disorder, diabetes mellitus, vision problems, fractures of the lower limb, and an affective disorder (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than a full range of light work as defined in 20 CFR 404.1567(b). The claimant can lift/carry up to 20 pounds on an occasional basis, and 10 pounds on a frequent basis. She can stand/walk for up to six hours in an 8-hour workday, and she can sit for up to six

hours in an 8-hour workday. The claimant must avoid exposure to pulmonary irritants, unprotected heights, and other workplace hazards. She is unable to climb ladders, ropes, or scaffolds, and she is unable to engage in kneeling or crawling activities. She can occasionally climb stairs and ramps, and she can occasionally engage in balancing, stooping, and crouching activities. The claimant is able to perform tasks where bilateral vision is not essential, and she is able to perform simple and details tasks, but not complex tasks.

6. The claimant is capable of performing past relevant work as a hotel clerk (DOT #238.367-038). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from June 23, 2012, through the date of this decision (20 CFR 404.1520(f)).

(Tr. 17-21).

**B.   Relevant Facts**

The ALJ's decision includes a review of the underlying medical evidence (Tr. 17-21). Plaintiff, in her memorandum in support of her pending motion, provides a summary of the facts and evidence [Doc. 14, pg. 2-4]. The Commissioner's memorandum in support of her motion also contains a summary of the facts and evidence [Doc. 16, pg. 2-7]. Reference to the evidence herein, both medical and otherwise, is only set forth as necessary.

**III.   Plaintiff's Arguments and Analysis**

**A.   Treatment of Plaintiff's Impairments**

Plaintiff asserts that the ALJ failed to properly evaluate the effects of her severe impairments "in combination." [Doc. 14, pg. 7]. Specifically, she contends that the ALJ failed to consider the impact caused by her "visual impairments in combination with her diabetes and other physical and mental impairments" that render her "unable to be on her feet for the bulk of the day, to see anything that requires more than gross vision, and to maintain attention and concentration." [*Id.* at 8]. Plaintiff avers this failure results in an erroneous determination.

In reviewing the medical records and determining the appropriate RFC, the ALJ addressed each of her severe impairments in turn. In regards to her visual impairments, the ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible. However, the ALJ found her complaints to be partially credible and included the following vision limitations in her RFC: she "is able to perform tasks where bilateral vision is not essential." (Tr. 19). The underlying medical record supports the ALJ's treatment. The Commissioner accurately summarized Plaintiff's vision medical history as follows:

> When Plaintiff presented for medical care after her seizure on June 23, 2012, she reported that her husband drove her to and from work due to her vision problems (Tr. 258-54). . . . While Plaintiff reported vision loss after her seizure, her eye exam was normal the following week (Tr. 280). She also routinely denied vision and eye problems at her follow-up appointments (Tr. 253-54, 294, 296, 300-02, 325, 392, 405-06, 425). Plaintiff reported blurry vision in August of 2014, but she reported no vision changes at an appointment a month later (Tr. 392, 399).

[Doc. 16, pg. 10]. The underlying record does not contain any evidence that Plaintiff is more limited than the ALJ determined. Indeed, the medical record shows she routinely denied vison and eye problems at her medical appointments.

The ALJ also properly considered Plaintiff's other impairments in combination. Regarding her diabetes, Plaintiff reported no symptoms related to her diabetes, and Dr. Kickliter's treatment focused generally on medication management (Tr. 292, 300-02, 325, 424). Concerning her "other physical" impairments, such as her lower limb impairment, the ALJ noted that Plaintiff has not received any medical treatment for alleged ankle problems, and during the hearing, she made "very little mention of her ankle condition." (Tr. 17). The medical evidence also demonstrates that Plaintiff ambulates without assistance, not using any assistive devices (Tr. 35, 186). Regarding Plaintiff's seizure disorder, the ALJ highlighted that the treatment notes from her follow-up visits after her "one seizure incident" indicate that her "seizure condition is fully controlled." (Tr. 18).

Finally, regarding Plaintiff's mental impairments, both the State Agency consultant and the consultative examiner opined that Plaintiff's mental limitations were mild at worse, and no evidence exists that her affective disorder affects her ability to perform work-related functions (Tr. 69, 387). Furthermore, Plaintiff has not sought treatment for any mental health issues nor was she taking any related medications. Although she testified at the hearing that she had anxiety and often experienced crying spells, Plaintiff did not report these issues to her doctors nor did they find that she presented with any psychological issues (Tr. 39, 254, 298, 302, 402). The ALJ appropriately relied upon the medical opinions in rendering his findings and considered all of Plaintiff's impairments in combination. The Court finds that substantial evidence supports the ALJ's treatment of Plaintiff's impairments. Plaintiff's claim is thus without merit.

**B.     Plaintiff's Subjective Complaints**

Plaintiff further asserts that the ALJ erred in weighing her subjective complaints. She avers that that his adverse credibility finding is not supported by substantial evidence because her testimony concerning her vision difficulties, diabetic difficulties, and other impairments are amply supported by the medical evidence of record.

"It is, of course, for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Id.* The ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." Soc. Sec. Ruling 16-3p; *Titles II & XVI: Evaluation of Symptoms in Disability Claims*, SSR 16-3P, 2016 WL 1119029, *9

(S.S.A. Mar. 16, 2016).

>In making judgments about a claimant's credibility, the ALJ should consider:
>
>(i) [The claimant's] daily activities;
>
>(ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms;
>
>(iii) Precipitating and aggravating factors;
>
>(iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [the claimant's] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [the claimant's] pain or other symptoms;
>
>(vi) Any measures [the claimant] use[s] or ha[s] used to relieve pain or other symptoms . . .; and
>
>(vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 416.929(c)(3). Social Security Ruling 16-3p provides that an ALJ must consider the "entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record" and notes that the ALJ will "not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual." S.S.R. 16-3p, 2016 WL 1119029 at *5.

The ALJ concluded that Plaintiff's medical impairments could cause the symptoms she alleged but declined to credit her testimony regarding the intensity, persistence, and limiting effects of the symptoms to the extent they were inconsistent with the medical evidence, including the medical assessments, treatment notes, and diagnostic findings. While the ALJ did not discuss all seven factors listed in 20 C.F.R. § 416.929(c)(3), he provided specific reasons for his credibility

determination, including the lack of diagnostic findings to corroborate her subjective complaints concerning the severity of her ankle, vision, and other medical conditions, as well as noting that the medical record indicates that her seizure condition has improved with medication and is fully controlled.

The ALJ may consider whether Plaintiff's complaints of disability are inconsistent with and undermined by the objective medical evidence. *See Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 438 (6th Cir. 2012) (noting that plaintiff's description of the severity of his disabilities was inconsistent with the medical record, specifically, the nature of the treatments prescribed and the results of the various medical tests administered). As discussed in detail *supra*, the ALJ's determination of Plaintiff's limitations caused by her physical and mental impairments is supported by substantial evidence. Plaintiff fails to provide any evidence, other her own testimony, to challenge the ALJ's conclusions. The Court finds that the ALJ's decision to ascribe partial weight to her testimony is supported by substantial evidence. Accordingly, this claim is without merit.

**C.     Step Four Analysis**

Plaintiff alleges that the ALJ erred when he determined that she could perform her past relevant work as a hotel clerk. She argues that the ALJ's conclusion was based on a "misreading" of the vocational expert's testimony because the RFC findings were not consistent with the hypothetical provided to the vocational expert. Specifically, Plaintiff highlights that the RFC established that she could stand/walk for up to six hours in an 8-hour day, but the hypothetical provided to the vocational expert assumed an individual who could stand/walk for up to four hours in an 8-hour day. Thus, she claims, the ALJ's reliance on the vocational expert's testimony that

8

she could perform past relevant work is erroneous as it is a misreading of the testimony regarding her ability to perform the job.

If a claimant can perform her past relevant work, she is not disabled. 20 CFR § 404.1520(a)(4)(iv) ("At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled."); *see Wilson v. Comm'r v. Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004). The claimant bears the burden at this step to prove she is unable to perform past relevant work. *See Wilson*, 378 F.3d at 548.

In the instant matter, the vocational expert testified specifically that even considering Plaintiff's testimony and the overall RFC limitations, she would be able to perform her past relevant work as a hotel clerk "as she performed it." (Tr. 46). Although Plaintiff is correct in noting that the hypothetical presented to the vocational expert differed slightly from the RFC, the hypothetical was in fact more restrictive. It assumed an individual who could stand/walk up to four hours in an 8-hour workday instead of six hours. However, even with the more restrictive limitation, the vocational expert found that Plaintiff could perform past relevant work as she previously performed it. Even assuming the slight discrepancy constituted error, Plaintiff cannot prove any harm. *See Siegrist v. Comm'r of Soc. Sec.*, No.14-14436, 2016 WL 859866, at *3 (E.D. Mich. Feb. 17, 2016) ("[T]he burden of showing harm that an error is harmful normally falls upon the party attacking the agency's determination." (quoting *Shinseki v. Sanders*, 556 U.S. 396, 409) (2009)).

The ALJ relied upon the vocational expert's testimony to determine that Plaintiff was able to perform her prior work as she previously performed it. Even in light of the slight divergence between the RFC and the hypothetical provided, the Court finds that substantial evidence supports

the ALJ's finding at step four. *See Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001) (vocational expert testimony can provide substantial evidence where testimony is elicited in a response to a hypothetical question that accurately sets forth claimant's physical and mental limitations).

Finally, Plaintiff asserts that the other hypothetical posed to the vocational expert presented an individual who was limited to sedentary work with the additional previously identified limitations. She avers that because she turned 50 prior to the date of her hearing and more than six months prior to the ALJ's decision, she would have been disabled pursuant to the Medical-Vocational Guidelines if she was limited to unskilled sedentary work.

The ALJ concluded that Plaintiff could perform past relevant work. Based on this dispositive finding at step four, the analysis ends. *See Colvin*, 475 F.3d at 730. Accordingly, the Court does not need to consider what the ALJ potentially could have decided at step five.

## IV. Conclusion

Based upon the above findings, Plaintiff's Motion for Judgment on the Pleadings [Doc. 13] is DENIED, and the Commissioner's Motion for Summary Judgment [Doc. 15] is GRANTED. This matter is dismissed for the reasons outlined herein.

SO ORDERED:

s/Clifton L. Corker<br>
United States Magistrate Judge